■ KATHLEEN H. COWLEY, Respondent, v FRANCINE M. CROCKER, Appellant.—Weiss, P. J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered August 27, 1991 in Albany County, upon a verdict rendered in favor of plaintiff.

On March 26, 1987, plaintiff was involved in an automobile accident when her vehicle was struck by defendant's vehicle in a shopping mall parking lot. Plaintiff did not request medical assistance at the accident scene but subsequently sought emergency room treatment. Thereafter, plaintiff sought and received chiropractic treatment because of progres-

sively increasing back and neck pain. After trial, plaintiff was awarded $30,000 for past and future pain and suffering. Defendant has appealed.

Defendant initially contends that plaintiff's evidence was legally insufficient to establish a serious injury as defined in Insurance Law § 5102 (d). Contending that plaintiff had no more than a mild cervical and lumbar strain, defendant argues that the testimony of plaintiff's expert witness was based solely on plaintiff's subjective complaints of pain. However an analysis of the testimony of Anthony Cinque, her licensed chiropractor, reveals an objective clinical diagnosis and findings of physical disability. Moreover, while some of the tests performed by Cinque involved subjective input by plaintiff, the responses of pain were made in his presence and the sequence of tests were designed to reveal false inputs. The involvement of subjective inputs in these supporting test findings merely goes to the credibility and weight to be assigned to the testimony. Pain may be a valid basis supporting an award where, as here, it is supported by an objectively and medically determined injury (see, Gaddy v Eyler, 167 AD2d 67, 71, affd 79 NY2d 955).

Defendant next contends that Supreme Court erred in submitting to the jury the question of whether plaintiff had sustained a permanent loss of use of a body function or system, again arguing that the proof of plaintiff's loss was insufficient. We disagree. Plaintiff's chiropractor testified to a specific loss of range of motion of the neck due to the cervical strain and to the permanent nature of the loss (see, Robillard v Robbins, 168 AD2d 803, 804, affd 78 NY2d 1105).

Finally, defendant has objected to the response given by Supreme Court to an inquiry from the jury during deliberations. As part of a request for a rereading of the definitions of serious and significant [injury], the jury asked, "Is the finding of significant possible?" The court answered, "Yes, it is, considering all of the evidence that you have heard with regard to the injuries established by the plaintiff. Does that help you?" Supreme Court denied defendant's request to qualify the answer by instructing the jury that they did not have to find significance. Contrary to defendant's argument, the response did not favor plaintiff's position nor create an implication that such a finding was required. When viewed as a whole, the supplemental instructions and response to the inquiry was proper (see, Root v Feldman, 185 AD2d 409, 411).

Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.