■ LUELLA C. WEAVER et al., Appellants, v CLORINE L. HOWARD, Respondent. [615 NYS2d 122] —Mercure, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered September 15, 1993 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

In this action to recover for personal injuries sustained by plaintiff Luella C. Weaver (hereinafter plaintiff) in an automobile accident, the sole issue that need be considered is whether a physician's diagnosis of causally related chronic cervical strain and opinion that plaintiff suffers from ongoing muscle spasm and a permanent "significant loss of range of motion in the cervical spine * * * by reason of muscle spasm and scarring to the muscles and tissues at and near the cervical spine" constitutes sufficient expert medical proof to support a finding of "permanent loss of use of a body organ, member, function or system" or "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Responding in the negative, Supreme Court granted defendant's motion for summary judgment dismissing the complaint. We disagree and accordingly reverse.

The proffered medical opinion, based at least in part upon an objective finding of muscle spasm, coupled with plaintiff's sworn statement that she is now able to turn her neck only half as far as she could prior to the accident, supports a finding that plaintiff suffers from a permanent 50% restriction in the range of motion of her neck, which we view as consequential *(see, Countermine v Galka,* 189 AD2d 1043; *Robillard v Robbins,* 168 AD2d 803, *affd* 78 NY2d 1105; *cf., Coughlan v Donnelly,* 172 AD2d 480; *Gaddy v Eyler,* 167 AD2d 67, *affd* 79 NY2d 955). Contrary to defendant's assertion, we are not here presented with a conclusory affidavit by a physician based only upon subjective findings and complaints, and we do not equate the opinion of "significant loss of range of motion" with one that wholly fails to quantify the degree of restriction

or identifies only a mild limitation *(cf., Baker v Donahue,* 199 AD2d 661; *Hemmes v Twedt,* 180 AD2d 925).

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.