■ LINDA LARRABEE et al., Respondents, v STATE OF NEW YORK, Appellant. [628 NYS2d 447] —Mercure, J. Appeal from a judgment in favor of claimants, entered July 6, 1994, upon a decision of the Court of Claims (Hanifin, J.).

Following trial of this negligence action, claimants were awarded money damages for injuries sustained by claimant Linda Larrabee (hereinafter claimant) when her bicycle collided with a State-owned vehicle. The State appeals, contending only that there was insufficient evidence to support the Court of Claims' finding that claimant suffered a serious injury as defined in Insurance Law § 5102 (d). We disagree and accordingly affirm.

Francis Hennessey, an orthopedic surgeon, testified for the State. He first examined claimant in January 1992 and found that her residual symptoms included "trigger points" (areas of localized tenderness that caused radiating pain or spasm in other parts of the body) in the area of claimant's right scapula and shoulder and at the base of her skull. He concluded that claimant had suffered sprains of her neck, right shoulder girdle and right shoulder, and myofascitis of the neck and right trapezius with trigger points, resulting in limitation of the range of motion in claimant's neck. Hennessey opined that claimant's disabilities would restrict her workday activities to "light work, not lifting over [10 lbs.], not using the right shoulder at or above the horizontal [in limiting] activities such as lifting, pushing, pulling or rotational movements". Upon a subsequent examination of claimant in March 1993, Hennessey noted no change in claimant's symptoms except she now exhibited nine trigger points in her neck, back, shoulder and arm. Hennessey concluded that claimant's symptoms would be permanent, with periodic variations in intensity, worsening when claimant increased her activity level.

We conclude that Hennessey's testimony and that of claimant's treating chiropractors regarding claimant's symp-

toms and resulting physical limitations provided adequate record support for the Court of Claims' finding that claimant suffers from a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]). Contrary to the State's contention, the evidence of claimant's injuries did not consist exclusively of "subjective complaints and symptomatology without a diagnosis based upon a medical foundation" (*Gaddy v Eyler*, 167 AD2d 67, 72, *affd* 79 NY2d 955). Rather, Hennessey's findings of areas of spasm and trigger points were objectively ascertained and quantified (*see, Weaver v Howard*, 206 AD2d 793; *Stanavich v Pakenas*, 190 AD2d 184, *lv denied* 82 NY2d 659; *Cammarere v Villanova*, 166 AD2d 760). Further, we agree with the Court of Claims that claimant satisfied her burden of establishing that the limitation she suffers is important or significant, as well as permanent (*see, Countermine v Galka*, 189 AD2d 1043, 1045; *Kordana v Pomellito*, 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848). The testimony of three expert witnesses confirmed claimant's testimony regarding her residual symptoms, including her level of pain, and the resulting limitation on her daily activities.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.