■ SHARON ISCOVITCH-BERO et al., Respondents, v JOHN A. CHASE et al., Appellants. [633 NYS2d 876] —Mercure, J. P. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered October 17, 1994 in Clinton County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for whiplash-type injuries allegedly sustained by plaintiff Sharon Iscovitch-Bero (hereinafter plaintiff) in a rear-end vehicular collision

that occurred on October 19, 1991. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint upon the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). Concluding that there existed factual issues as to whether plaintiff sustained a serious injury within each of four categories alleged in the bill of particulars, i.e., permanent loss of use of a body system, permanent consequential limitation of a body member, significant limitation of use of a body system, and a medically determined injury or impairment that prevented her from performing substantially all of the material acts that constitute her usual and customary daily activities for not less than 90 days during the 180 days following the accident, Supreme Court denied the motion. Defendants now appeal.

We affirm. Even accepting the contention that defendants met their evidentiary burden of presenting evidence in admissible form to warrant a finding, as a matter of law, that plaintiff has not sustained a serious injury (*see, Lanuto v Constantine*, 192 AD2d 989, 990, *lv denied* 82 NY2d 654), it is nonetheless our view that plaintiffs opposed the motion with a satisfactory demonstration that plaintiff sustained a serious injury upon each of the grounds asserted (*see, Gaddy v Eyler*, 79 NY2d 955, 957; *Westfall v Wyld*, 191 AD2d 866).

In her affidavit in opposition to the motion, plaintiff stated that the heavy impact of the collision caused her body to be tossed forward, her head to snap forward and then back, and her arm and shoulder to be pushed up against the door of the vehicle. On the night of the accident, she began to experience excruciating pain in her neck and arm. She sought medical treatment the next day and was prescribed a neck collar, which she wore for the following 5 1/2 months, and an anti-inflammatory pain killer. She continued to experience constant pain and was required to take strong prescription pain killers and undergo physiotherapy for months thereafter, and was unable to pursue her employment as a medical secretary from the time of the accident until April 23, 1992. For 5 1/2 months following the accident, she was prevented from performing substantially all of her usual daily activities and in fact could do nothing more than sit in a chair and watch television. At the time of plaintiffs' April 1994 affidavits, plaintiff still experienced headaches, memory lapses and shooting pain in her neck and arms. Also, she could not do more than 10% of the household cooking, cleaning, laundry and shopping or engage in most social or recreational activities.

Plaintiffs also presented the affidavit of a neurologist,

Edward Vastola, who examined plaintiff on July 26, 1993. Vastola found limitation of motion in the region of plaintiff's cervical spine, with pain at extremes of lateral flexion to either side and on forward flexion, tenderness to pressure over C-6 and C-7, some weakness in right thumb opposition, weakness in the right grip and "2-point discrimination slightly but definitely diminished right finger tips". Based upon his review of plaintiff's medical records and his own examination, Vastola opined that plaintiff sustained an extensive cervical musculoligamentous whiplash injury, causally related to the October 1991 accident, which constitutes a permanent disability, both vocational and otherwise, and a permanent serious limitation of the use of plaintiff's neck and the surrounding nerves, muscles, tendons and ligaments. Finally, he opined that plaintiff's history of having missed six months of work immediately following the accident was reasonable for the severe whiplash injury she sustained.

Based upon the foregoing, we reject defendants' contention that plaintiffs have failed to present any competent evidence of a serious injury. To the contrary, we conclude that the opinions stated in Vastola's affidavit, based upon his personal examination of plaintiff, were supported by sufficient objectively ascertained and quantified findings (*see, Larrabee v State of New York*, 216 AD2d 772; *Weaver v Howard*, 206 AD2d 793; *Stanavich v Pakenas*, 190 AD2d 184, *lv denied* 82 NY2d 659; *Cowley v Crocker*, 186 AD2d 939, *lv denied* 81 NY2d 703; *Ackerson v Mincey*, 162 AD2d 934). Further, the limitations described in plaintiffs' affidavits, medically validated and related to the subject accident by Vastola's affidavit, create a legitimate factual issue as to whether plaintiff sustained a serious injury within the categories at issue here (*see, Larrabee v State of New York, supra*). In our view, the alleged defects in plaintiffs' evidentiary showing merely raise questions of weight and credibility, issues outside the scope of a motion for summary judgment (*see, Stanavich v Pakenas, supra*; *Cowley v Crocker, supra*; *Cammarere v Villanova*, 166 AD2d 760; *Ackerson v Mincey, supra*).

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.