■ JULIEANNE PAGELS, Respondent, v P.V.S. CHEMICALS, INC., et al., Appellants. [698 NYS2d 368] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. In support of their motion, defendants submitted unsworn reports of plaintiff's treating physicians, physical therapist and occupational therapist, along with an affirmation of defendants' expert neurologist. The expert neurologist concludes that, contrary to plaintiff's allegations, plaintiff does not suffer from fibromyalgia syndrome and that, in any event, a traumatic event like an automobile accident is not a precipitating factor for fibromyalgia.

Even assuming, arguendo, that defendants met their initial burden on the motion, plaintiff's submissions raise triable issues of fact whether plaintiff suffered a serious injury as defined in Insurance Law § 5102 (d). Plaintiff's expert asserts in his affirmation that plaintiff suffers from fibromyalgia and chronic pain syndrome as a result of the accident that significantly limit the use of her upper torso and may also result in a permanent consequential limitation of use of her spine and upper torso. Plaintiff also submitted the sworn report of the physician who conducted the independent medical examination for defendants' insurance carrier; he also concluded that plaintiff suffers from chronic pain syndrome and that her condition is likely related to the accident. In addition, the medical records submitted by defendants document muscle spasms, trigger points and restricted ranges of motion and muscular weakness in the cervical and lumbar regions of the spine continuing from the date of the accident. That proof is sufficient to raise a triable issue of fact whether plaintiff suffered a "permanent consequential limitation of use of a body organ or member; [or a] significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Adetunji v U-Haul Co.,* 250 AD2d 483; *Larrabee v State of New York,* 216 AD2d 772, 773; *Stanavich v Pakenas,* 190 AD2d 184, 187, *lv denied* 82 NY2d 659). The differences of opinion among the medical experts with respect to the nature, cause and extent of plaintiff's injuries raise issues of credibility that must be resolved by a jury (*see, Weider v Senebouthyrath,* 182 AD2d 1124, 1125). Further, contrary to defendants' contention, plaintiff is entitled to oppose the motion based upon the same

unsworn medical reports submitted in support of the motion, even though those reports are not in admissible form (see, *Pietrocola v Battibulli,* 238 AD2d 864, 866, n). Finally, the medical proof, combined with evidence that the injuries sustained in the accident prevented plaintiff from resuming her employment, performing her household duties and participating in recreational activities, raises an issue of fact whether plaintiff suffered a medically determined injury that prevented her from performing substantially all the material acts that constitute her usual and customary daily activities for not less than 90 days during the 180 days following the accident (see, Insurance Law § 5102 [d]; *Vasquez v Weiss,* 234 AD2d 658, 659). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.