KATHLEEN GILLICK et al., Appellants, v STEVEN J. KNIGHTES, Respondent. [719 NYS2d 335] —Mugglin, J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 7, 1999 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

In October 1996, a vehicle operated by plaintiff Kathleen Gillick (hereinafter plaintiff) was the first of three stopped at a red light. When the light turned green, defendant accelerated and collided with the second vehicle, which struck plaintiff's vehicle in the rear. Plaintiff and her husband, derivatively, commenced this action. After joinder of issue and discovery defendant moved for summary judgment, claiming that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d). Supreme Court determined that plaintiffs failed to rebut defendant's prima facie showing that plaintiff did not suffer a "serious injury" and granted defendant's motion for summary judgment dismissing the complaint. Plaintiffs appeal and we affirm.

With the exception of a finding of some spasm made by plaintiff's treating orthopedic surgeon two days postaccident (and arguably six days later when he reported no change in physical findings), this record is completely devoid of competent medical evidence, based on objective findings and diagnostic tests, to demonstrate that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see, *Fountain v Sullivan*, 261 AD2d 795; *Tankersley v Szesnat*, 235 AD2d 1010; *Van De Bogart v Vanderpool*, 215 AD2d 915). The record reveals that she was diagnosed with cervical sprain and strain and that she has a resultant loss of cervical range of motion. However, her X-rays, MRI, EMG and nerve conduction study all revealed no evidence of injury and were within normal ranges.

We have repeatedly held that a diagnosis of loss of range of motion, because it is dependent on the patient's subjective expressions of pain, is insufficient to support an objective finding of a serious injury (see, *Wiley v Bednar*, 261 AD2d 679; *Broderick v Spaeth*, 241 AD2d 898, 900, *lv denied* 91 NY2d 805). Moreover, plaintiff's reliance on her orthopedic surgeon's affidavit submitted in opposition to defendant's motion for summary judgment is misplaced. In the affidavit, the doctor stated that plaintiff "is unable to flex her neck forward or rotate toward the left." This sworn statement was made based on his physical and X-ray examination of plaintiff done on May 22, 1998. Then, however, the doctor stated only that based on his

physical examination, plaintiff "has discomfort with any attempt at forward flexion and rotation toward the left." On X-ray examination he did state that plaintiff's "flexion/extension views are limited," not showing "any significant flexion whatsoever, except at the C1-2/2-3 levels." This examination was dependent upon the cooperation of plaintiff and is impacted by the subjective complaints of pain and willingness of plaintiff to flex or extend her cervical spine. Moreover, the doctor reported no objective evidence shown by the X-ray which would account for this lack of flexion.

Mercure, J. P., Crew III and Rose, JJ., concur.

Lahtinen, J. (dissenting). I respectfully dissent. The record reflects that plaintiff's orthopedic specialist found muscle spasms upon examination of plaintiff Kathleen Gillick (hereinafter plaintiff) two days postaccident and found no change in plaintiff's physical exam eight days postaccident. Approximately one year postaccident, plaintiff's neurologist concluded that she "had a lot of cervical muscle tightness causing incomplete relaxation of the paracervical muscles" and attributed these symptoms to musculoskeletal injury. We have previously held that "findings of areas of spasm and trigger points" (*Larrabee v State of New York*, 216 AD2d 772, 773) that were objectively ascertained and quantified constitute objective indicia of a serious injury (*see, also, Weaver v Howard*, 206 AD2d 793; *Stanavich v Pakenas*, 190 AD2d 184, *lv denied* 82 NY2d 659).

Moreover, plaintiff's orthopedist and neurologist both noted limitation and restriction of plaintiff's neck rotation and flexion throughout their reports. Additionally, the May 10, 1999 report of defendant's expert reveals that upon examination plaintiff "had minimal flexion of her neck and minimal rotation. She did externally rotate to 40 degrees bilaterally. She did abduct her shoulder to about 100 degrees and then complained of discomfort beyond that." And as we have previously held, "[a] physician's observations as to actual limitations qualifies as objective evidence since it is based on the physician's own examinations" (*Tompkins v Burtnick*, 236 AD2d 708, 709; *see, Parker v Defontaine-Stratton*, 231 AD2d 412).

Because the majority did not find that plaintiff suffered a "serious injury" as a matter of law, they did not rule on defendant's contention that the instant accident was not a substantial cause of plaintiff's injury. However, I will briefly address defendant's argument which is supported by an affidavit of a Ph.D. in biomechanics who opined that, based upon his review of the various records and applying engineering

principles and calculations to the effects of the forces generated by this accident upon plaintiff, taking into consideration her height, weight and anatomy, plaintiff's injuries were not causally related to the subject motor vehicle accident. Although Supreme Court found that such evidence was unrefuted, plaintiff's orthopedic specialist averred in his affidavit that plaintiff's "present and permanent condition is causally related to the motor vehicle accident on October 22, 1996." Such contradiction of expert testimony raises a question of fact (*see, e.g., Anderson v Persell*, 272 AD2d 733; *Williams v Lucianatelli*, 259 AD2d 1003; *Cammarere v Villanova*, 166 AD2d 760, 761).

Construing this evidence in the light most favorable to the nonmoving party, as we are required to do on a motion for summary judgment (*see, Dykstra v Windridge Condominium One*, 175 AD2d 482; *Bulger v Tri-Town Agency*, 148 AD2d 44, 47, *lv dismissed* 75 NY2d 808), I find questions of fact regarding the issue of "serious injury" and the cause of plaintiff's injuries which must be resolved by a jury. I would therefore reverse the order of Supreme Court and deny defendant's motion for summary judgment. Ordered that the order is affirmed, without costs.