■ JOHN DUGAN, Respondent, v ROBERT F. SPRUNG, Defendant, and CITY OF GLOVERSVILLE et al., Appellants. [720 NYS2d 276] —Rose, J. Appeal from an order of the Supreme Court (Best, J.), entered September 17, 1999 in Fulton County, which denied certain defendants' motions for summary judgment dismissing the complaint against them.

Plaintiff was a passenger on a bus owned by defendant City of Gloversville and operated by defendant Robert F. Sprung when it collided with a motor vehicle owned by defendant H & P Motors, Inc. and operated by defendant James S. Isabella.

Asserting that neck injuries resulted from the collision, plaintiff brought this negligence action against defendants. Following the filing of a trial note of issue, all defendants except Sprung moved for summary judgment dismissing the complaint* on the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). In support of their motions, defendants presented medical records of plaintiff's treating physicians and the report of an independent medical examination to demonstrate that there were no objective findings to substantiate plaintiff's continued subjective complaints of neck pain. Plaintiff opposed the motions with an evaluation by David Cerniglia, a chiropractor who examined plaintiff once some two years after the accident and opined that he suffered from permanent chronic cervical sprain, ligamentous injury, cervical instability and degenerative joint tissue. Supreme Court denied defendants' motions, finding that plaintiff's submissions raised triable issues of fact. Defendants now appeal and we reverse.

Initially, by presenting the records and opinions of three orthopedists who had examined plaintiff and were unable to make objective findings confirming his alleged injuries, defendants shifted the burden to plaintiff to raise triable issues of fact as to whether he sustained a serious injury under one or more of the categories set forth in Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Tankersley v Szesnat*, 235 AD2d 1010, 1012).

In determining whether plaintiff has responded with "competent medical evidence based upon objective medical findings and diagnostic tests to support [his] claims" (*Fountain v Sullivan*, 261 AD2d 795, 796), we note that Cerniglia's statement is insufficient to defeat defendants' motions because the results of the cervical compression and range of motion tests he described were based solely on plaintiff's subjective complaints of pain upon movement and compression of his cervical spine (*see, Crandall v Sledziewski*, 260 AD2d 754, 757, *lv denied* 93 NY2d 811; *Broderick v Spaeth*, 241 AD2d 898, 900, *lv denied* 91 NY2d 805). Even though Cerniglia identified the active and passive tests performed and quantified the limited range of motion of plaintiff's cervical spine (*see, Fountain v Sullivan, supra,* at 796), he candidly conceded that his testing "involve[d] subjective input" by requiring plaintiff to "communicate * * * when he felt pain in response to the stimuli applied and/or test performed." While it is true that objective diagnoses can be

---

* It appears that Sprung was never served and did not appear in the action. Future use of the word "defendants" will refer to all of the remaining defendants.

legitimately based on some subjective input by patients (*see, Cowley v Crocker*, 186 AD2d 939, 940, *lv denied* 81 NY2d 703), in this case Cerniglia fails to explain in any detail how the tests performed on plaintiff "would rule out false inputs" (*id.,* at 940). Also, Cerniglia's opinion is neither based on the perspective that might have been gained by examination and treatment of plaintiff over the course of time nor supported by the relevant notes and records (*cf., Lopez v Senatore*, 65 NY2d 1017; *Tompkins v Burtnick*, 236 AD2d 708; *Parker v Defontaine-Stratton*, 231 AD2d 412, 413).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to the moving defendants and complaint dismissed.

