■ Sandra Sands et al., Respondents, v Rycky M. Stark et al., Appellants. [749 NYS2d 334] —Carpinello, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered January 14, 2002 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

On November 26, 1999, plaintiff Sandra Sands (hereinafter plaintiff), while stopped at an intersection, was involved in an automobile accident when her vehicle was struck from behind by a vehicle owned and operated by defendants. Thereafter, plaintiff and her husband, derivatively, commenced this personal injury action against defendants as a result of injuries sustained by plaintiff. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied defendants' motion resulting in this appeal.

The only serious injury category at issue on this appeal is whether plaintiff suffered an impairment which prevented her from performing substantially all of her usual and customary daily activities for 90 of the 180 days following the accident (*see* Insurance Law § 5102 [d]). "To establish serious injury under the 90/180 category, a plaintiff must demonstrate that his or her usual activities were curtailed 'to a great extent rather than some slight curtailment' " (*Van Norden-Lipe v*

*Hamilton*, 294 AD2d 749, 749, quoting *Licari v Elliot*, 57 NY2d 230, 236). In addition, the plaintiff must submit "competent, credible medical evidence based on objective medical findings of a 'medically determined injury or impairment of a nonpermanent nature' (Insurance Law § 5102 [d]) which would have caused the alleged limitations on the plaintiff's daily activities" (*Monk v Dupuis*, 287 AD2d 187, 191; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345).

As the proponent of the summary judgment motion, defendants bore the initial burden of establishing that plaintiff did not sustain a serious injury (*see Gaddy v Eyler*, 79 NY2d 955, 956-957; *Monk v Dupuis, supra* at 189). In support of their motion, defendants submitted plaintiff's medical records as well as the report of an independent medical examination, which indicated that although plaintiff had suffered a cervical sprain, she had completely recovered and her current symptoms were attributable to degenerative disc disease and not the accident. The report further indicated that plaintiff had developed unrelated carpal tunnel syndrome which caused her right arm pain. Defendants also submitted the deposition testimony of plaintiff who stated that when she returned to her job as a supervisor at a housewares store in January 2000, she continued to perform many of her former duties, with the exception of heavy lifting. The only hobbies she identified as being affected by the accident were skiing and horseback riding. In light of this evidence, we find that defendants met their initial burden of proof and shifted "the burden of raising a triable issue of fact through competent medical evidence based upon objective medical findings and diagnostic tests" (*Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 769).

In response, plaintiff submitted the affidavit of her treating physician, who opined that she suffered from cervical strain as well as trauma-induced right carpal tunnel syndrome as a result of the accident, which were responsible for her current headaches, neck spasms and right arm pain. He based his opinion on the results of an MRI, which revealed broad based disc bulging at C5-6 and C6-7, objective findings of muscle spasm, as well as an EMG and nerve conduction studies which disclosed a median neuropathy at the right wrist. He also averred that during the first six months of treatment, he imposed restrictions on plaintiff's household, work and recreational activities. Moreover, plaintiff provided a detailed affidavit listing the many activities she was precluded from performing following the accident, including cleaning, laundry, exercising, painting, hiking, taking out garbage, unloading

heavy boxes and tending to her horse. The fact that plaintiff returned to work within a few months of the accident is not dispositive (*see Judd v Walton*, 259 AD2d 1016, 1017). As plaintiff's proof raised a question of fact as to whether she suffered a serious injury within the 90/180 category, Supreme Court properly denied defendants' motion.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.