■ JANET E. BADGER, Respondent, v KATRINA SCHINNERER, Appellant. [754 NYS2d 399] —Cardona, P.J. Appeal from an order of the Supreme Court (Kramer, J.), entered November 21, 2001 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for personal injuries allegedly sustained in a June 1996 motor vehicle accident in the Town of Rotterdam, Schenectady County. Plaintiff was a front-seat passenger in a motor vehicle that was struck in the rear by a vehicle owned and driven by defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Based upon the record herein, we agree with Supreme

Court's denial of the motion inasmuch as a question of fact exists under the 90/180 category of serious injury, as defined by plaintiff's inability to perform "substantially all of the material acts which constitute[d] [her] usual and customary * * * activities" for not less than 90 of the 180 days immediately following the date of the accident (Insurance Law § 5102 [d]; *see Mikl v Shufelt*, 285 AD2d 949; *Sellitto v Casey*, 268 AD2d 753, 755). Significantly, to prevail under that category, a plaintiff must demonstrate through competent, objective proof, a "medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]) "which would have caused the alleged limitations on the plaintiff's daily activities" (*Monk v Dupuis*, 287 AD2d 187, 191) and, furthermore, a curtailment of the plaintiff's usual activities "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236; *see Sands v Stark*, 299 AD2d 642).

Here, in support of her motion, defendant submitted, inter alia, the report of orthopedist John Buckner, who examined plaintiff as an independent no-fault medical examiner. He opined that plaintiff suffered a cervical strain that was causally related to the accident. Also submitted were the medical records of plaintiff's treating physician, orthopedist Rory Wood, who diagnosed plaintiff as suffering from cervical and lumbar strain related to the accident. Wood authorized plaintiff, a bus driver, to return to work in September 1996, three months after the accident. However, after approximately one month, back pain caused by degenerative changes in petitioner's spine, as confirmed by an MRI scan, forced her to discontinue working for an additional three months. Notably, in reference to the degenerative changes, Wood specifically opined that he was "sure that [plaintiff's] condition was exacerbated by her motor vehicle accident." Given that proof, we cannot agree with defendant that the record lacks, as a matter of law, objective medical evidence of an injury or impairment that could have caused the alleged limitations on plaintiff's daily activities. Furthermore, we note that the record contains proof that, during the six months following the accident, plaintiff was unable to engage in a substantial number of the customary functions that she had previously been able to perform. Accordingly, we do not find that summary judgment was appropriate (*see Sands v Stark, supra*).

Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.