■ KRISTIN C. MROZINSKI et al., Appellants, v JASON A. ST. JOHN, Respondent. [757 NYS2d 158] —Cardona, P.J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered August 15, 2002 in Schenectady County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Kristin C. Mrozinski (hereinafter plaintiff) and her husband, derivatively, commenced this negligence action to re-

cover damages for injuries she allegedly sustained on December 18, 2000 in a motor vehicle accident. Following joinder of issue and discovery, defendant moved from summary judgment dismissing the complaint alleging plaintiffs' failure to satisfy the serious injury threshold of Insurance Law § 5102 (d). In support of the motion, defendant referred to plaintiff's medical records which included normal X rays and CT and MRI scans. Defendant also cited to the reports of plaintiff's treating neurologist, Richard Brooks, the independent medical examinations of Lynne Taylor Nicolson, neurologist Richard Holub, and chiropractor Vilko Green. These submissions revealed no objective data of active radiculopathy, reflex loss, asymmetry or disability supporting plaintiff's complaints of pain in her left shoulder, arm, hand, head, jaw, vision problems and dizziness. Plaintiffs opposed the motion and cross-moved for partial summary judgment on the issue of liability. Finding plaintiffs' proof insufficient to meet the serious injury threshold, Supreme Court granted defendant's motion and dismissed the complaint.

On appeal, plaintiffs do not challenge the sufficiency of defendant's submission of medical evidence demonstrating, in the first instance, that she did not suffer a serious injury under the no-fault law (*see Gaddy v Eyler*, 79 NY2d 955, 956 [1992]; *June v Gonet*, 298 AD2d 811 [2002]). Therefore, the issue for our determination is whether plaintiffs met their burden of "raising a triable issue of fact through competent medical evidence based upon objective medical findings and diagnostic tests" (*Drexler v Melanson*, 301 AD2d 916, 917 [2003]).

Initially, since plaintiffs have not pursued the "permanent loss of use" category in their brief on appeal, that claim is deemed abandoned (*see Santos v Marcellino*, 297 AD2d 440, 441 [2002]). In addition, because plaintiffs did not assert a claim under the "permanent consequential limitation" category in their complaint or bill of particulars, it may not be considered for the first time on appeal (*see Melino v Lauster*, 195 AD2d 653, 656 [1993], *affd* 82 NY2d 828 [1993]).

Therefore, we address only plaintiffs' claim that plaintiff suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). A plaintiff may prove "the extent or degree of physical limitation" through an "expert's designation of a numeric percentage of [his or her] loss of range of motion" or through "[a]n expert's *qualitative* assessment of [his or her] condition * * * provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected * * * function or system" (*Toure v Avis Rent A Car Sys.*, 98 NY2d

345, 350 [2002] [emphasis in original]; *see Dufel v Green,* 84 NY2d 795, 798 [1995]).

In opposing defendant's motion, plaintiffs primarily relied upon medical evidence presented in the affidavit of plaintiff's treating chiropractor, William Root.* Based upon his examination and treatment of plaintiff during some 70 office visits and the history she related, Root diagnosed plaintiff as suffering from "cervical flexion/extension injury, multiple cervical subluxation, [mild to moderate permanent] cervical brachial syndrome, cervical kyphosis, myospasm, and paresthesia." He concluded that plaintiff "suffered combined impairment of 35% due to nerve damage and altered function or subluxation of the cervical spine" as a result of the accident. We note that the tests administered to reach those conclusions and support those diagnoses were largely subjective in nature in that they relied on plaintiff's complaints of pain, or, even if arguably objective, failed to assign a quantitative percentage to a loss of range of motion or limitation of an affected body function or system. On the other hand, we cannot say that Root's diagnosis of "mild to moderate permanent" cervical brachial syndrome is not supported by objective medical evidence based upon plaintiff's electromylogram conducted in February 2001 by neurologist Bruno Tolge. Tolge's report reveals the existence of "[a] mild left ulnar palsy with mild slowing above to below the elbow." Root contends that Tolge's report shows nerve injury to plaintiff's left brachial plexus. Root opines that this condition causes "periods of increased weakness into [plaintiff's] left arm," permanently limiting "her ability to fully perform household duties, hobbies and/or sport related activities that she performed prior to this accident." Since Root's description of the qualitative nature of plaintiff's limitations is supported by objective evidence and he "correlates" the alleged injury to her left brachial plexus with her "inability to perform certain normal, daily tasks" (*Manzano v O'Neil,* 98 NY2d 345, 355 [2002]), we cannot say that the alleged limitations are so "minor, mild or slight" (*Licari v Elliott,* 57 NY2d 230, 236 [1982]) "as to be considered insignificant within the meaning of Insurance Law § 5102 (d)" (*Toure v Avis Rent A Car Sys., supra* at 353; *see Armstrong v Morris,* 301 AD2d 931, 933 [2003]). Accordingly, we find that plaintiffs have raised a triable issue of

---

* Because the records of dentist Marshall Price and orthodontists Myron Serling, A. Thomas Decker and Michael Sbuttoni proffered by plaintiffs as objective proof of injury to plaintiff's temporal mandibular joint are not in admissible form, they may not be considered on this motion (*see Grasso v Angerami,* 79 NY2d 813, 814 [1991]).

fact sufficient to defeat defendant's motion for summary judgment with respect to that category of injury.

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the cause of action alleging a significant limitation of use of a body function or system; motion denied to that extent; and, as so modified, affirmed.