■ TRUDY H. MARKS, Respondent, v COLIN A. BROWN et al., Defendants, and GARY H. PICKENS, Appellant. [771 NYS2d 212]—

Cardona, P.J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 28, 2003 in Saratoga County, which partially denied defendant Gary H. Pickens's motion for summary judgment dismissing the complaint against him.

Plaintiff was involved in a motor vehicle accident on January 11, 2000 and another on July 10, 2000. She commenced separate personal injury actions against defendants Colin A. Brown and Sherill Brown for the January 2000 accident and defendant Gary H. Pickens (hereinafter defendant) for the July 2000 accident. Subsequently, the actions were consolidated and defendant moved for summary judgment on the ground that plaintiff did not sustain a serious injury under Insurance Law § 5102 (d) as a result of the July 10, 2000 accident. Supreme Court partially denied defendant's motion finding plaintiff's proof sufficient to raise questions of fact under the statutory categories of significant limitation of use of a body function or system and a medically determined nonpermanent injury which prevented plaintiff from performing substantially all of her customary daily activities for 90 of the first 180 days following the accident (*see* Insurance Law § 5102 [d]). Since plaintiff has not challenged the sufficiency of defendant's medical evidence to meet his threshold burden of demonstrating the absence of serious injury, the only issue to determine on this appeal by defendant is whether plaintiff's proof was sufficient to " 'rais[e] a triable issue of fact through competent medical evidence based upon

objective medical findings and diagnostic tests' " under either of the above categories of serious injury (*Mrozinski v St. John*, 304 AD2d 950, 951 [2003], quoting *Drexler v Melanson*, 301 AD2d 916, 917 [2003]).

Addressing plaintiff's claim that she suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]), we note that she must demonstrate "the extent or degree of physical limitation" by "an expert's designation of a numeric percentage of [her] loss of range of motion" or by "[a]n expert's *qualitative* assessment of [her] condition . . . provided that the evaluation has an objective basis and compares [her] limitations to the normal function, purpose and use of the affected . . . function or system" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002] [emphasis in original]; *see Mrozinski v St. John, supra* at 951). In opposition to the motion, plaintiff submitted her own affidavit and the affidavit of chiropractor William Root who treated her for both accidents. Root averred that when he first examined plaintiff on January 31, 2000, she complained of severe low back pain and also right arm pain that radiated into her hand. He took X rays which, among other things, revealed abnormal findings "including subluxations (partial or incomplete disc dislocation) at vertebrae C3, C4, C5 and C6, a compression fracture of the T12 vertebra and marked pelvic rotation." Root performed range of motion testing and palpation of the cervical and lumbar spine. As a result of his X ray analysis and testing, he diagnosed plaintiff as suffering from "cervical flexion/extension injury, cervicobrachial syndrome, narrowing of the normal vertebral spacing, multiple cervical subluxations, pelvic unleveling and rotation and a vertebral body compression fracture."

On July 11, 2000, following the second accident, Root again X rayed plaintiff and those films revealed some of the same abnormal findings seen on the earlier X rays. However, they also indicated "a subluxation at L5, posterior spurring at C4-C5, facet imbrication (overlapping) of the lumbosacral spine and the healed T12 compression fracture." He found that plaintiff suffered new cervical and lumbar injuries as a result of the July 10, 2000 accident, specifically, "an additional marked degree of new soft tissue injury with bony malposition of the neck and low back, increased vertebral subluxations, facet imbrication of the lumbosacral spine, an increase in muscle splinting (spasms) and an increase in loss of range of motion." As to the later finding, Root assigned quantitative percentages to plaintiff's loss of range of motion and identified the specific tests he performed. He noted that the muscle splinting occurred during cervical and

lumbar spine pressure palpations. He diagnosed plaintiff with "multiple cervical spine subluxations, cervical flexion/extension injury, pelvic unleveling and rotation and pelvic sprain/strain." He also stated that she suffered exacerbation of her preexisting injuries in that she was unable to bend, lift and twist to a greater degree than before the July 10, 2000 accident which affected those duties associated with her employment as a car detailer and those associated with housework.

Plaintiff averred that in July 2000, prior to the second accident, she was experiencing less pain and discomfort from the injuries sustained in the first accident, was slowly regaining strength and increasing the range of motion in her back and neck and noted that her daily neck pain had decreased to intermittent. However, after the July 10, 2000 accident, plaintiff stated that she experienced a dramatic increase in pain in her neck and lower back, more severe limitations in the range of motion in her neck and back, problems sleeping and was unable to sit for long periods of time. She was forced to further limit her work duties in that she could no longer bend and twist to clean the inside windows or undercarriages of vehicles nor could she lift and twist to clean the office.

Contrary to defendant's contentions, we find that plaintiff satisfied her burden of producing competent medical evidence such that we cannot say that her alleged limitations, causally related to the July 10, 2000 accident, are so "minor, mild or slight" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]) "as to be considered insignificant within the meaning of Insurance Law 5102 (d)" (*Toure v Avis Rent A Car Sys., supra* at 353; *see Mrozinski v St. John, supra* at 952). Therefore, there are triable issues of fact with regard to this category of serious injury.

Turning to plaintiff's 90/180 claim, we reach a different conclusion. Under this category of serious injury, a plaintiff must (1) establish, through objective medical evidence, "a medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]; *see Toure v Avis Rent A Car Sys., supra* at 357) and (2) establish "that the injury prevents [him or her] from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment" (*Toure v Avis Rent A Car Sys., supra* at 357 n 5). It is plaintiff's lack of sufficient proof of the latter requirement that impels us to dismiss this cause of action. Plaintiff, who had been employed part time since the January 2000 accident, missed only one day of work due to the July 2000 accident, i.e., the date of the ac-

cident. Thereafter, she was able to perform her job with the minor limitations previously noted. Furthermore, plaintiff was able to perform her usual household chores though she had to spend more time to accomplish them. In summary, there was insufficient proof submitted that plaintiff's normal activities were substantially curtailed for the requisite period of time (*see Gaddy v Eyler*, 79 NY2d 955, 958 [1992]; *see Licari v Elliott, supra* at 236; *cf. Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 771 [2001]). Accordingly, defendant was entitled to summary judgment dismissing that cause of action.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiff sustained a serious injury in the 90/180 category; motion granted to that extent, partial summary judgment awarded to defendant and said claim dismissed; and, as so modified, affirmed.