■ KRISTINA L. NICHOLS et al., Appellants, v ELIZABETH B. TURNER, Respondent. [776 NYS2d 114]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered March 10, 2003 in Saratoga County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered June 4, 2003 in Saratoga County, which denied plaintiffs' motion to reargue.

On March 1, 2000, defendant rear-ended a stopped vehicle being driven by Robert Gerow which, in turn, rear-ended a stopped vehicle being driven by plaintiff Kristina L. Nichols (hereinafter plaintiff). Plaintiff and her husband, derivatively, commenced this action to recover for the injuries she allegedly sustained in this accident. In due course, defendant moved for summary judgment on the ground that plaintiff had failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs opposed and cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendant's motion and dismissed the complaint without reaching the merits of plaintiffs' cross motion. The court also denied a subsequent motion to reargue. As no appeal lies from the denial of a motion to reargue (see CPLR 5517), we address only the propriety of the order granting defendant summary judgment and dismissing the complaint.

In opposing summary judgment, plaintiffs did not challenge the sufficiency of defendant's medical evidence as meeting her

threshold burden on the issue of serious injury and further limited their proof to the 90/180-day category of serious injury. With the issues so limited, we need only address whether plaintiffs met their shifted burden of raising a triable issue of fact through competent medical evidence based upon objective medical findings and diagnostic tests under the 90/180-day category of serious injury (*see e.g. Marks v Brown*, 3 AD3d 648 [2004]; *Mrozinski v St. John*, 304 AD2d 950, 951 [2003]). We find that they did; accordingly, Supreme Court erred in granting defendant summary judgment on this issue.

In order to prevail under the 90/180-day category, plaintiffs needed to establish, through objective medical evidence, that plaintiff sustained a nonpermanent medically determined injury or impairment that "prevent[ed her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than [90] days during the [180] days immediately following the [accident]" (Insurance Law § 5102 [d]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357 [2002]; *Marks v Brown, supra*). As to the objective medical evidence requirement, plaintiffs relied on the affidavit of plaintiff's treating chiropractor who treated her for back, neck, shoulder and head pain for a five-month period commencing one week after the accident. This chiropractor diagnosed plaintiff with cervical subluxations, subluxations at T1, T2, T6 and T7, cervical brachial syndrome and cervicalgia secondary to hyperextention/hyperflexion injury to the cervical spine as a result of the accident, and detailed the various tests she performed in reaching this opinion.

It was established in this affidavit that at least two of the tests performed were objective in nature and corroborated plaintiff's complaints of pain and limited motion in her neck, upper back and shoulders. Notably, this chiropractor further averred that she frequently and regularly detected palpable muscle spasms throughout plaintiff's upper back, neck and shoulders during her entire course of treatment (*see Weaver v Howard*, 206 AD2d 793 [1994]; *cf. Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 770 [2001]) and that she imposed restrictions on plaintiff's work activities (*see Sands v Stark*, 299 AD2d 642, 643 [2002]). The chiropractor also sufficiently correlated plaintiff's injuries with her inability to perform certain normal, daily tasks, particularly those tasks associated with her employment. This affidavit was thus sufficient to support an objective medical finding of a serious injury within the 90/180-day category (*see Sands v Stark, supra; Weaver v Howard, supra; see also Larrabee v State of New York*, 216 AD2d 772, 773 [1995]; *cf.*

*McCreesh v Hoehn*, 307 AD2d 638 [2003]; *Gillick v Knightes*, 279 AD2d 752 [2001]).

As to the curtailment of plaintiff's activities during the requisite time period, it was established that her work at the bakery she owned with her husband required her to, among other duties, lift heavy loads, roll dough weighing between 10 and 20 pounds and decorate baked goods. According to plaintiff, the injuries she sustained in the accident either totally prevented her from carrying out her job responsibilities or limited her ability to do so. Specifically, there was record evidence that, with the exception of several days in mid-April 2000, plaintiff was totally incapacitated from working between March 1, 2000 and at least June 2000 and that, thereafter, she was only able to return to work part time on nonconsecutive days performing light tasks.

Plaintiff further detailed her inability to lift, push or pull heavy objects, as well as her inability to carry her children for any length of time or to perform certain household chores (*see Sands v Stark, supra*). She also detailed the limitations she faced in walking, standing, sitting and performing any task which entailed repetitive upper body movements (*see e.g. Monk v Dupuis*, 287 AD2d 187 [2001]). This evidence most assuredly raised a question of fact concerning whether plaintiff's "usual activities were curtailed 'to a great extent rather than some slight curtailment' " (*Van Norden-Lipe v Hamilton*, 294 AD2d 749, 749 [2002], quoting *Licari v Elliott*, 57 NY2d 230, 236 [1982]) as a result of the injuries she sustained in the accident (*see Badger v Schinnerer*, 301 AD2d 853, 854 [2003]; *Van Norden-Lipe v Hamilton, supra*; *Sellitto v Casey*, 268 AD2d 753, 755-756 [2000]; *cf. Marks v Brown*, 3 AD3d 648 [2004], *supra*; *Relin v Brotherton*, 221 AD2d 840, 841 [1995]).

Although questions of fact exist concerning whether plaintiff suffered a serious injury under the 90/180-day category, no question of fact exists on the issue of liability for the accident itself. As a general rule, a rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the following vehicle, imposing a duty of explanation (*see e.g. Hubert v Tripaldi*, 307 AD2d 692, 694 [2003]; *Rodriguez-Johnson v Hunt*, 279 AD2d 781 [2001]). The deposition testimony of plaintiff and Gerow established that their vehicles were at a complete stop prior to the collision awaiting plaintiff's ability to make a left-hand turn. Gerow specifically estimated that he had been stopped for about 30 seconds prior to being rear-ended by defendant. During her deposition, defendant testified that her attention was diverted while driving that day and

that when she refocused on the road ahead, she noticed Gerow's stopped vehicle, but was unable to brake in time to avoid the collision because she was "too close." Since defendant failed to submit a nonnegligent explanation for the collision, plaintiff's cross motion should have been granted (*see Rodriguez-Johnson v Hunt, supra*).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order entered March 10, 2003 is reversed, on the law, with costs, defendant's motion for summary judgment denied and plaintiff's cross motion for partial summary judgment granted. Ordered that the appeal from the order entered June 4, 2003 is dismissed.