■ BENHAM HADDADNIA et al., Respondents, v PETER J. SAVILLE et al., Defendants, and NEW YORK TELEPHONE COMPANY, Appellant. [815 NYS2d 319]—

Lahtinen, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered July 11, 2005 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

On June 21, 2001, a van owned by the corporate defendants and driven by defendant Peter J. Saville struck the rear of a stopped car operated by plaintiff Benham Haddadnia (hereinafter plaintiff) on Corinth Road in Warren County. Plaintiff was transported to the emergency room of the Glens Falls Hospital, where his primary complaints included pain in his lower back and hip, radiating down his left leg. At a visit to the office of his orthopedic surgeon, Richard Saunders, in July 2001, plaintiff continued complaining of severe pain in his back and down his left leg, x rays were taken of his lumbar spine and he was diagnosed with lumbar spine strain and sciatica. He returned for further treatment on August 6, 2001 complaining of progressive pain in his left foot and an x ray revealed an avulsion fracture of the left fifth metatarsal. Thereafter, plaintiff and his wife, derivatively, commenced this negligence action, asserting the foot fracture as constituting the requisite serious injury (*see* Insurance Law § 5102 [d]). Following disclosure, defendants moved for summary judgment upon the ground that the fracture was not causally related to the accident. Supreme Court denied the motion and this appeal ensued.

Defendants had the threshold burden of establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident (*see John v Engel*, 2 AD3d 1027, 1028 [2003]). There is little dispute that defendants met this burden with affidavits from various experts, including one from a doctor of podiatric medicine who set forth the reasons for his opinion that the fracture did not occur at the time of the accident. The burden thus shifted to plaintiffs to produce competent medical proof supported by objective findings to raise a triable issue (*see Nichols v Turner*, 6 AD3d 1009, 1011 [2004]; *Mrozinski v St. John*, 304 AD2d 950, 951 [2003]).

Plaintiffs' proof included the detailed affidavit of Saunders, who had treated plaintiff since March 2000, over a year before the accident. Saunders was fully familiar with plaintiff's medical history both before the accident (when he treated him for an elbow injury and a cyst on his finger) and subsequent thereto. He opined with a reasonable degree of medical certainty that the foot fracture was caused by the accident and set forth the reasons for the delay in the diagnosis. Saunders explained that it was not unusual for an individual with "trauma to multiple areas of the lower body to not fully appreciate/recognize the significance of pain to any one particular area due to pain and numbness in another area." He added that the pain and numbness in plaintiff's back and lower extremities created a situation where he was "unable to fully appreciate the injury to his foot until the numbness he experienced in his back and leg subsided, revealing the full extent of the pain he was suffering in his left foot." He further observed that the manner in which the accident occurred was, in his opinion, consistent with causing the type of fracture that plaintiff sustained. Saunders directly addressed defendants' suggestion that the fracture predated the accident, indicating that no objective medical proof supported that suggestion and adding that he had treated plaintiff for over a year before the accident "with absolutely no complaints of pain in the foot." While defendants submitted proof from experts contesting virtually every aspect of Saunders' opinions, that proof gives rise to a dispute among experts for the jury to decide (*see Apuzzo v Ferguson*, 20 AD3d 647, 648 [2005]). Viewing the evidence submitted by the parties in the light most favorable to plaintiffs (*see Reilly v Fulmer*, 9 AD3d 818, 820 [2004]), we agree with Supreme Court's conclusion that triable factual issues exist.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.