■ PATRICK R. KING et al., Appellants, v KAREN A. JOHNSTON et al., Respondents. [621 NYS2d 402] —Crew III, J. Appeals (1) from an order of the Supreme Court (Ryan, Jr., J.), entered August 9, 1993 in Franklin County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

This action arises out of a motor vehicle accident occurring on December 7, 1988 during which plaintiff Patrick R. King (hereinafter King) allegedly sustained injuries when his vehicle was struck from behind by a vehicle operated by defendant Karen A. Johnston and owned by defendant Robert W. Johnston. King and his spouse thereafter commenced this action against defendants contending that King had suffered a serious injury within the meaning of Insurance Law § 5102. Following joinder of issue and discovery, defendants moved for summary judgment dismissing plaintiffs' complaint. Defendants' motion was granted and this appeal by plaintiffs followed.

We affirm. Initially, as Supreme Court correctly observed, there is no medical evidence that King has suffered a permanent loss of use of a body organ, member, function or system *(see, Lanuto v Constantine,* 192 AD2d 989, 990, *lv denied* 82 NY2d 654). Although there is evidence that King continues to experience some pain, there is no objective evidence supporting plaintiffs' claim of permanency in this regard *(see, Gaddy v Eyler,* 79 NY2d 955, 957). Additionally, in order to establish either a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]), plaintiffs were required to demonstrate that King suffered something more than a mild, minor or slight limitation of use *(see, Gaddy v*

*Eyler, supra,* at 957; *Podwirny v De Caprio,* 194 AD2d 1057). At best, the record before us indicates that King experienced a slight decrease in the range of motion of his neck.

Finally, the record fails to establish that King suffered from a medically determined injury which prevented him from performing substantially all of the material acts constituting his usual and customary daily activities for at least 90 of the 180 days immediately following the accident. Even accepting that King required some assistance performing his duties upon returning to work, the record offers little insight into the remaining acts constituting King's usual and customary daily activities *(see, Nunez v Dabrowski,* 185 AD2d 269) and, as to those activities referenced, plaintiffs failed to show that King has been prevented from performing substantially all of them *(see, Kimball v Baker,* 174 AD2d 925, 927). Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.