■ MARK D. PANTALONE et al., Appellants, v WILMA J. GOODMAN, Respondent. [722 NYS2d 291] —Rose, J. Appeal from an order of the Supreme Court (Kramer, J.), entered June 7, 2000 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover damages for injuries allegedly sustained by plaintiff Mark D. Pantalone (hereinafter plaintiff) in a motor vehicle accident on March 5, 1997. He was immediately examined in a hospital emergency room and diagnosed with muscle strain of his neck and back. Within a few days he began treating with a chiropractor who saw him until mid-June 1997 and then again one year later during June 1998. During this period plaintiff also treated with an orthopedist who last examined him in October 1999.

Thereafter, Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff failed to sustain a serious injury as defined by Insurance Law § 5102 (d). Plaintiffs appeal, asserting that plaintiff was unable to perform substantially all of his usual

daily activities for not less than 90 out of 180 days following the accident, and that he suffered both significant and permanent limitations of use of his cervical and lumbar spine.

Defendant met her initial burden by submitting plaintiff's deposition testimony that he missed only four or five days of work as a self-employed florist and worked part time thereafter, and an independent medical examination report affirming the lack of any objective findings or ongoing disability (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Morgan v Beh*, 256 AD2d 752; *Weaver v Derr*, 242 AD2d 823). In opposition, plaintiff submitted the affidavit of his orthopedist who concluded that plaintiff sustained a "very mild" permanent disability of his lumbar spine. Plaintiff also submitted the affidavit of his chiropractor citing muscle spasms, trigger points and decreased range of motion throughout plaintiff's cervical and lumbar areas to support a finding that plaintiff suffered a 50% "significant limitation" to his lumbar spine during the period from March 5, 1997 to June 13, 1997. The chiropractor opined that, as a result, plaintiff "was physically unable to perform his usual occupation as a [f]lorist until June 13, 1997, approximately one hundred (100) days, at which time plaintiff was only released to work on a part-time basis," and he concluded that plaintiff sustained a "mild" permanent disability of his lumbar spine.

When plaintiff's own experts describe his permanent limitation as mild, no discussion is required to find that it is not a serious injury (*see, Scheer v Koubek*, 70 NY2d 678; *Booker v Miller*, 258 AD2d 783; *King v Johnston*, 211 AD2d 907). As to a significant limitation of use, only plaintiff's chiropractor offers an opinion, and it is fatally flawed by the erroneous assumption that plaintiff was unable to work from the date of the accident until June 13, 1997 and that his part-time work did not commence until then. Plaintiff himself admits that he worked on at least a part-time basis during all but the first four to five days. Although the chiropractor's affidavit also refers to spasms, trigger points and limited range of motion, it provides no detail as to specific location, quantification or how these findings were objectively ascertained (*see, Barbarulo v Allery*, 271 AD2d 897, 899-900; *Bushman v Di Carlo*, 268 AD2d 920, 923, *lv denied* 94 NY2d 764; *Jones v Malark*, 261 AD2d 788, 789-790).

As to the 90 out of 180 days category, we view the affidavits from plaintiffs' experts as deficient because they "were clearly tailored to meet the statutory threshold" (*Bennett v Reed*, 263 AD2d 800, 801). They ignore plaintiff's own testimony that he

missed no more than four to five full work days. In addition, when asked at his deposition about activities restricted since the accident, plaintiff listed only landscaping, which he estimated as 25% to 40% of his business, riding a friend's jet ski and snow skiing, which he had previously done "at the maximum maybe two to three times." His expansion of this list in his affidavit in opposition to defendant's motion is insufficient to raise a triable issue of fact as to whether his injury prevented him from performing substantially all of the material acts constituting his usual daily activities for the requisite period of time (*see, Marotta v Mastroianni*, 273 AD2d 206).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.