■ ALEX MIKL, Respondent, v JAMES P. SHUFELT et al., Appellants. [728 NYS2d 816] —Rose, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered December 13, 2000 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for injuries allegedly sustained on August 7, 1997 when the van he was driving was struck from behind by a pickup truck owned by defendant City of Albany Water Board and operated by defendant James P. Shufelt. Immediately following the accident, plaintiff was taken to the emergency room where he was diagnosed with a cervical sprain and then released after receiving pain medication and a cervical collar. A short time later, plaintiff began treating with Steven Geanopulos, a chiropractor, who found him to be totally disabled as a result of the accident and continued to treat him until February 2000. During this period, plaintiff was also examined by two orthopedic surgeons, Charles Kalman and John Whalen, as well as a neurosurgeon, who diagnosed him with cervical and thoracic sprain and offered varying opinions as to the degree of disability related to the accident. In March 2000, plaintiff began treating with a second chiropractor, Marc Kerschner, who stated that plaintiff suffered degenerative changes in his cervical spine that were aggravated by the accident and opined that plaintiff's disability was mild and permanent.

Following joinder of issue and citing the report of an independent medical examination conducted by orthopedic surgeon Bryan Bilfield in May 2000, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d). Supreme Court denied the motion and defendants appeal.

Based upon our review of the medical records, Bilfield's affidavit and other proof relied upon by defendants, we conclude that defendants met their initial burden of showing that plaintiff did not suffer a serious injury within the meaning of the statute (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Barbarulo v Allery*, 271 AD2d 897, 898). Therefore, it became incumbent upon plaintiff to raise "a triable issue of fact through competent medical evidence based upon objective medical findings and diagnostic tests" (*Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 769; *see, Boehm v Estate of Mack*, 255 AD2d 749, 750). While plaintiff succeeded in meeting this burden as to the 90/180-day category, thus requiring our affirmance, we find that he failed to do so as to the three categories requiring

loss or limitation of use (*see,* Insurance Law § 5102 [d]). Thus, the only threshold issue to be considered at trial will be the 90/180-day category.

Initially, in light of the recent holding of the Court of Appeals in *Oberly v Bangs Ambulance* (96 NY2d 295), we find that plaintiff failed to prove that he suffered a permanent loss of use of a body part or function because none of his experts found the total loss of use necessary to come within this category of serious injury (*see, id.,* at 296). With respect to his claims of permanent consequential limitation and significant limitation of use, plaintiff was required to show more than "a mild, minor or slight limitation of use" (*King v Johnston,* 211 AD2d 907; *see, Delaney v Lewis,* 256 AD2d 895, 897). Plaintiff, however, failed to meet this burden because two of his experts, Kalman and Kerschner, characterized his disability as mild (*see, Pantalone v Goodman,* 281 AD2d 790, 791; *Wiley v Bednar,* 261 AD2d 679, 680; *Booker v Miller,* 258 AD2d 783, 784), and his third expert, Whalen, failed to provide objective medical findings and diagnostic tests to support his opinion of a "partial severe disability" (*see, Anderson v Persell,* 272 AD2d 733, 734). Although Whalen's office notes referred to limited cervical range of motion, they provided no detail as to the significance of these findings or how they were objectively ascertained (*see, Pantalone v Goodman, supra,* at 292). Whalen also cited to evidence of a herniated or bulging disc, but he failed to specify any resulting loss or limitation of motion (*see, Guzman v Michael Mgt.,* 266 AD2d 508, 509; *Hemmes v Twedt,* 180 AD2d 925; *cf., Heath v Allerton,* 279 AD2d 872; *Anderson v Persell, supra; see also, Pierre v Nanton,* 279 AD2d 621).

However, plaintiff did succeed in raising a triable issue of fact regarding whether he sustained an injury that prevented him "from performing substantially all of the material acts which constitute[d] [his] usual and customary daily activities" for 90 of the 180 days following the accident (Insurance Law § 5102 [d]). The medical evidence here, particularly Geanopulos' finding of total disability shortly after the accident, sufficiently established that plaintiff sustained a medically determined injury and that the accident was a cause of said injury (*see, Sellitto v Casey,* 268 AD2d 753, 755). Plaintiff's uncontradicted testimony concerning the restrictions placed on his lifestyle and his absence from work since the accident also demonstrated that his usual activities were curtailed "to a great extent rather than some slight curtailment" (*Licari v Elliott,* 57 NY2d 230, 236; *see, Bennett v Reed,* 263 AD2d 800, 801).

Finally, while defendants also argue the untimeliness and inconsistency of the examinations and affidavits of plaintiff's medical experts, these alleged defects "merely raise questions of weight and credibility, issues outside the scope of a motion for summary judgment" (*Iscovitch-Bero v Chase*, 221 AD2d 847, 849).

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.