■ TRACY A. VAN NORDEN-LIPE, Respondent, v WINSTON L. HAMILTON, Appellant. [742 NYS2d 173] —Lahtinen, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered April 11, 2001 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for personal injuries allegedly sustained in a June 1998 motor vehicle accident. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Concluding that the expert medical evidence submitted by defendant was sufficient to meet his burden as the moving party, Supreme Court nevertheless denied the motion after finding that the evidence submitted by plaintiff was sufficient to raise a question of fact under the 90/180 category of serious injury. Defendant appeals.

To establish serious injury under the 90/180 category, a plaintiff must demonstrate that his or her usual activities were curtailed "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236) and also must submit "sufficient competent, credible medical evidence based on objective medical findings of a 'medically determined injury or impairment of a non-permanent nature' (Insurance Law § 5102 [d]) which would have caused the alleged limitations on the plaintiff's daily activities" (*Monk v Dupuis*, 287 AD2d 187, 191). In this case, plaintiff was out of work for approximately six months following the accident and her treating chiropractor attributed her inability to work to injuries sustained in the accident. In addition, plaintiff's affidavit described her inability to engage in a substantial number of specific activities in which

she regularly engaged prior to the accident. The affidavit of the treating chiropractor referred to an X ray of plaintiff's neck which, according to the chiropractor, revealed a reduction of the cervical lordosis and aberrant flexion of the cervical spine at C5, injuries which he described as a cause of plaintiff's severe pain and which he attributed to the accident. We agree with Supreme Court that this evidence is sufficient to raise a question of fact under the 90/180 category of serious injury (*compare, id., and Sellitto v Casey*, 268 AD2d 753, *with Fitzmaurice v Chase*, 288 AD2d 651).

Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.