■ WILLIAM F. MURPHY, JR., et al., Appellants, v JAMAL ARRINGTON et al., Respondents. [744 NYS2d 255] —Rose, J. Appeal

---

from an order of the Supreme Court (Ceresia, Jr., J.), entered May 31, 2001 in Albany County, which, inter alia, denied plaintiffs' cross motion for summary judgment and dismissed the complaint.

Plaintiff William F. Murphy, Jr. (hereinafter plaintiff), a police officer, injured his right shoulder on October 26, 1998 while attempting to arrest defendant Jamal Arrington (hereinafter defendant), who was behind the wheel of a sports utility vehicle stopped at an intersection in the City of Albany. When defendant refused plaintiff's instruction to turn off the engine, plaintiff reached through an open window to retrieve the keys whereupon the vehicle sped off dragging plaintiff approximately 20 to 30 feet. Thereafter, plaintiff and his wife, derivatively, commenced this personal injury action against defendant and the owner of the vehicle, defendant Naydean Arrington. Following joinder of issue, defendants moved for summary judgment dismissing the complaint and plaintiffs, in turn, cross-moved for summary judgment on the issue of serious injury. Upon concluding that plaintiffs had failed to establish that plaintiff sustained a serious injury under any of the categories set forth in Insurance Law § 5102 (d), Supreme Court, inter alia, denied plaintiffs' cross motion and dismissed the complaint. Plaintiffs appeal.

Plaintiffs assert that the serious injury requirements of Insurance Law § 5102 (d) are inapplicable because plaintiff's injuries did not arise out of the use or operation of a motor vehicle and were the result of intentional conduct. Inasmuch as plaintiffs failed to raise these arguments before Supreme Court, they are not preserved for our review (*see, Viscusi v City of Gloversville*, 272 AD2d 745, 745-746; *Plante v Hinton*, 271 AD2d 781, 783). Also, plaintiffs concede in their brief that plaintiff did not suffer a serious injury due to the "permanent loss of use of a body organ, member, function or system" (Insurance Law § 5102 [d]). Accordingly, they have abandoned this component of their claim (*see, Markel v Scavo*, 292 AD2d 757, 758-759; *Handlebar, Inc. v Utica First Ins. Co.*, 290 AD2d 633, 635, *lv denied* 98 NY2d 601).

Plaintiffs, however, maintain that plaintiff sustained a "permanent consequential limitation of use of a body organ or member," a "significant limitation of use of a body function or system" and was unable to perform substantially all of his "usual and customary activities" for 90 of the 180 days following the accident (Insurance Law § 5102 [d]). With respect to the first two categories, it is well settled that a "plaintiff [is] required to show more than 'a mild, minor or slight limitation

of use' " (*Mikl v Shufelt*, 285 AD2d 949, 950, quoting *King v Johnston*, 211 AD2d 907, 907). Similarly, with respect to the 90/180 category, "a plaintiff must demonstrate that his or her usual activities were curtailed 'to a great extent rather than some slight curtailment' " (*Van Norden-Lipe v Hamilton*, 294 AD2d 749, 749, quoting *Licari v Elliott*, 57 NY2d 230, 236). Furthermore, proof of serious injury must consist of "competent medical evidence based upon objective medical findings and tests to support [the] claim of serious injury and to connect the condition to the accident" (*Blanchard v Wilcox*, 283 AD2d 821, 822; *see, Monk v Dupuis*, 287 AD2d 187, 191; *Mikl v Shufelt, supra* at 950).

Upon our review of the record, we find the proof insufficient to establish that plaintiff suffered a serious injury. Immediately after the accident, Joseph Fay, plaintiff's treating orthopedist, diagnosed plaintiff with severe shoulder strain, noting that plaintiff had tenderness in the deltoid region and diminished flexion and abduction to 90 degrees. An MRI revealed that plaintiff had mild tendonosis. The notes of the physical therapy sessions plaintiff attended until mid-December 1998 disclosed that plaintiff experienced pain in his right shoulder and a limited range of motion. None of these notations, however, referred to objective medical data. Notably, plaintiff underwent an independent medical examination by Virgilio Victoriano in November 2000 who found that plaintiff had a good range of motion of the shoulder in all respects and opined that he had a case of chronic subacromial rotator cuff tendinitis, possibly with mild impingement. Although plaintiff received a workers' compensation award indicating a 7½% loss of use of the right shoulder, neither this nor the other medical evidence is sufficient to establish that plaintiff sustained a serious injury under the "permanent consequential limitation" or "significant limitation" categories (*see, Trotter v Hart*, 285 AD2d 772, 773).

Likewise, the proof does not demonstrate that plaintiff sustained a serious injury under the 90/180 category. The deposition testimony of plaintiff and his wife revealed that, with a few exceptions, plaintiff was able to engage in most of his regular activities. Plaintiff missed only six weeks of work following the accident and was on light duty assignment for another six weeks. Although plaintiff testified that he continued to experience shoulder pain, he denied taking prescription medications or undergoing regular cortisone injections to treat such ailments. In view of the above, dismissal of the complaint was proper.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.