■ Alfred L. Temple et al., Appellants, v Martin J. Doherty et al., Respondents. [755 NYS2d 448] —Kane, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 5, 2002 in Schenectady County, which, inter alia, granted defendant Martin J. Doherty's motion for summary judgment dismissing the complaint against him.

On December 13, 1995, plaintiff Alfred L. Temple (hereinafter plaintiff) was involved in a two-car accident at the intersection of Washington Avenue and Main Street in the City of Albany. According to plaintiff, he was operating a motor vehicle stopped at a traffic light. When the light turned green, he began to turn left onto Central Avenue when a motor vehicle operated by defendant Martin J. Doherty and owned by defendant Joyce M. McCarthy struck the left front of plaintiff's car. Plaintiff and his wife, derivatively, commenced this action against defendants seeking to recover damages for his resultant injuries, contending that he suffered, inter alia, trauma to the lumbar spine.

Following joinder of issue, Doherty moved for summary judgment seeking to dismiss the complaint on the ground that plaintiff failed to establish that he sustained a serious injury within the meaning of Insurance Law § 5102 (d). McCarthy moved for summary judgment alleging, inter alia, that Doherty was operating the vehicle without her permission. Plaintiffs cross-moved for, inter alia, an order declaring coverage for indemnification of Doherty. Upon concluding, in an oral decision, that plaintiffs failed to establish that plaintiff sustained a serious injury under any of the categories set forth in Insurance Law § 5102 (d), Supreme Court granted Doherty's motion and, as a result, declared both McCarthy's motion and plaintiffs' cross motion moot. Plaintiffs appeal, asserting that plaintiff suffered a serious injury pursuant to Insurance § 5102 (d) which resulted in a "significant limitation of use," and a "permanent consequential limitation of use" to his lumbar spine, and he was unable to perform substantially all of his "usual and customary * * * activities" for 90 of the 180 days following the accident.

In support of his motion, Doherty proffered the report of his expert, David Hart, a neurologist, who submitted a lengthy report in which he explained the results of his examination of plaintiff and fully reviewed his medical records. Hart opined that he found "subjective complaints of pain, which do not follow an anatomic pattern," without any objective evidence of a permanent or consequential impairment causally related to the accident in 1995 (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350; *Gaddy v Eyler*, 79 NY2d 955, 956-957; *Santos v Marcellino*, 297 AD2d 440, 440). Hart found that plaintiff had suffered a mild cervical strain, which cleared within two weeks of the accident without intervention, and a lumbar strain injury for which he received "appropriate treatment." At the time of Hart's examination, he noted no objective findings of lumbar strain, including no lumbar paraspinal spasm, no limitation of rotation or lateral flexion of the lumbar spine, with only a subjective report of pain on forward flexion. He noted that plaintiff's complaint of radiating pain into his buttocks was not anatomically consistent with a L5 or S1 radiculopathy. He continued that there were no objective signs of nerve root injury or inflammation and no muscle spasm at the time of his examination. Hart's affirmation concluded that plaintiff "has subjective complaints of pain, which do not follow an anatomic pattern and which are not corroborated by any objective findings on examination."

Doherty also submitted medical proof which disclosed, inter alia, the absence of any abnormalities in plaintiff's spine following the accident. Significantly, plaintiff had one appointment with neurologist Bruno Tolge on March 21, 1996, who stated that plaintiff had an "[o]bjectively normal neurologic exam." Similarly, the orthopedist with whom plaintiff treated on April 24, 1996 diagnosed plaintiff with chronic low back pain with no muscle weakness or sensory loss and no evidence of radiculopathy. In addition, the X ray performed shortly after the accident at the emergency room of Albany Medical Center showed no abnormalities, as did the MRI performed on January 10, 1996. Although a second MRI performed on August 11, 2000 indicated "minor physiologic posterior bulging of the L5-S1 discs on the sagittal series," this MRI was performed more than four years after the initial MRI which showed no abnormalities. Furthermore, Doherty proffered the reports of Arvinder Singh and James Cole, the pain management doctors with whom plaintiff treated, who diagnosed plaintiff with lumbar facet arthopathy and lumbar degenerative disc disease. However, neither doctor provided any detail or reported the results of tests performed which had so revealed these medical

findings nor do they correlate such findings to the accident. Significantly, although Cole observed right cervical paraspinal tenderness spasm, he did not mention the lumbar spine. We also discount the reference in these reports to the limited range of motion approximately 10 months after the accident, as "a diagnosis of loss of range of motion, because it is dependent on the patient's subjective expressions of pain, is insufficient to support an objective finding of a serious injury" (*Gillick v Knightes*, 279 AD2d 752, 752). In our view, defendant's proof with respect to a significant limitation and permanent consequential limitation of use was sufficient to shift the burden to plaintiff to set forth " 'competent medical evidence based upon objective medical findings and diagnostic tests to support his claim' " (*Tankersley v Szesnat*, 235 AD2d 1010, 1012, quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150).

With respect to his claims of permanent consequential limitation and significant limitation, plaintiff was required to demonstrate more than "a mild, minor or slight limitation of use" (*King v Johnston*, 211 AD2d 907, 907; *see Mikl v Shufelt*, 285 AD2d 949, 950). In opposition to the motion, plaintiffs submitted, in addition to plaintiff's own deposition testimony regarding his treatment, injuries and limitations, the affidavit of a chiropractor, Claude Guerra, who treated plaintiff from December 18, 1995 through October 7, 1996.[1] Guerra stated that plaintiff suffers from "[l]umbrosacral sprain and strain with muscle spasms," "[l]umbar subluxation, * * * posterior joint syndrome, [and] an injury to the nerve roots of the lower spine." Guerra opined in his affidavit, without explanation, that plaintiff's injuries were causally related to the accident, that the injuries are permanent in nature and, as a result, plaintiff's usual daily activities are severely restricted. However, Guerra failed to correlate plaintiff's condition to any diagnostic tests which he claims supports his position with respect to plaintiff's alleged limitations. Although Guerra's affidavit referred to a subluxation of the lumbar spine and muscle spasms and alleged that plaintiff has been totally disabled from his employment since the date of the accident and will be permanently disabled from that employment, it failed to provide any detail as to how these findings were objectively ascertained, merely stating that he based his diagnosis of injury to the nerve roots of the lower spine in part upon nerve conduction tests without any explanation (*see Barbarulo v*

---

1. In his affidavit, Guerra alleged that he treated plaintiff from December 18, 1995 through December 20, 2001, but the treatment records contained in the record on appeal indicate otherwise.

*Allery*, 271 AD2d 897, 900; *Fountain v Sullivan*, 261 AD2d 795, 796). Notably, he never quantifies any limitation of the use of plaintiff's spine (*see Serrano v Canton*, 299 AD2d 703, 705; *Blanchard v Wilcox*, 283 AD2d 821, 823; *Pantalone v Goodman*, 281 AD2d 790, 791). Finally, while there is reference to muscle spasms in plaintiff's low back, the chiropractor's affidavit is devoid of any correlation of these spasms to the accident. In fact, Guerra failed to correlate any of the specific findings of the X ray or the MRI to plaintiff's complaints of pain or physical limitations (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357, *supra*).

In our view, plaintiff's evidentiary showing in opposition to defendant's motion was deficient in that it failed to set forth competent medical evidence based upon objective findings and tests to support his claim of serious injury under the categories of a "permanent consequential limitation of use of a body organ or member," and "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see Toure v Avis Rent A Car Sys., supra* at 357). Hence, we find no error in Supreme Court's order in this regard.

We reach a different conclusion, however, with regard to defendant's submissions with regard to plaintiff's claim of serious injury under the 90/180-day category. Plaintiff, who had been transportation coordinator for the City of Albany School District, averred that he has not worked at all since the date of the accident. He further alleges that he is unable to stand, walk or sit for long periods of time, and thus is unable to engage in his normal activities such as traveling, bowling, attending church, and doing maintenance and yard work at his home. Here, Guerra's reports indicate that on plaintiff's first visit and on each and every visit thereafter, the chiropractor identified lumbrosacral muscle spasm and rigidity. The somatosensory test done on January 9, 1996 revealed "multiple levels of sensory conduction abnormality" with a differential diagnosis of route level dysfunction, and the chiropractor's workers' compensation reports during the first six months following the accident indicate that plaintiff was totally disabled from his regular duties at work. The reports further reveal that plaintiff had been diagnosed with lumbrosacral sprain/ strain, lumbrosacral neuritis, lumbar subluxation and spasm of muscle which were causally related to the accident.[2] In fact, defendant's expert confirms the chiropractor's diagnosis of the

2. Guerra's office records, his workers' compensation reports, and the somatosensory test were all submitted by Doherty on his motion for summary judgment.

lumbar strain injury and causally relates same to the December 13, 1995 accident, further finding "appropriate treatment" for the injury. However, defendant's expert fails to address plaintiff's limitations and work-related disability as a result of the lumbar strain as found by Guerra during the first six months after the accident. Accordingly, in our view, defendant failed to meet its burden on plaintiff's 90/180 day claim (*see Serrano v Canton, supra* at 705; *Taccetta v Scotto*, 287 AD2d 707, 709; *Torres v Micheletti*, 208 AD2d 519, 519-520) and, thus, Supreme Court erred in granting defendant summary judgment on this claim. As a result of this conclusion, McCarthy's motion and plaintiff's cross motion, which Supreme Court declined to entertain on mootness grounds, now need to be decided by Supreme Court.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Martin J. Doherty's motion for summary judgment dismissing that part of the complaint alleging that plaintiff Alfred L. Temple sustained a serious injury in the 90/180 category; motion denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

