■ Scott Zeman, Appellant, v Anthony P. Valenti et al., Respondents. [755 NYS2d 306] —In an action to recover damages

for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated February 5, 2002, which granted the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, entered April 2, 2002, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the defendants' separate motions are denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court improperly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them. A triable issue of fact exists as to whether the plaintiff sustained a serious injury as defined by Insurance Law § 5102 (d), since the evidence raises an issue as to whether the plaintiff sustained a medically determined injury which left him "totally disabled" for at least 90 days out of the first 180 days immediately following the accident (*see Temple v Doherty,* 301 AD2d 979 [2003]; *Monk v Dupuis,* 287 AD2d 187 [2001]). Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.