■ LISA JOCKIMO, Appellant, v FREDERICK A. ABESS, Respondent. [759 NYS2d 219] —Cardona, P.J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered February 1, 2002 in Warren County, which granted defendant's motion for summary judgment dismissing the complaint.

On August 26, 1998, plaintiff was operating her employer's van when it collided with an automobile operated by defendant in the Village of South Glens Falls, Saratoga County. At the time of the collision, plaintiff was wearing a seatbelt and, as a result, her body did not impact anything inside the vehicle. She was transported to the emergency room, X-rayed and discharged. Thereafter, she received physical therapy at the hospital's occupational center for a period of six weeks and was told to take Motrin. Following that therapy, plaintiff treated with orthopedic surgeon Richard Saunders, who sent her for additional physical therapy. After that treatment was completed, she then began treatment with physiatrist David Welch.

Plaintiff commenced this action alleging that she suffered serious injury to her back, neck, chest and right shoulder within the meaning of Insurance Law § 5102 (d). Thereafter, Supreme Court granted her motion for summary judgment on the issue of liability subject to "defendant's right to file a 'serious injury' threshold motion." Defendant subsequently made that motion, supported by the affirmation of orthopedic surgeon Cyril Shea Jr., and his affirmed report that contained his findings following an examination of plaintiff and her medical records. Shea noted that plaintiff's chest X ray was normal and an MRI of her right shoulder showed an intact rotator cuff with no evidence of trauma. Shea concluded that plaintiff suffered a chest wall contusion, cervical spine strain and right shoulder sprain at the time of the accident. He opined that plaintiff sustained a temporary impairment as a result of her injuries and there was no objective basis for plaintiff's ongoing, subjective complaints of pain. Supreme Court granted defendant's motion, resulting in this appeal.

We first note plaintiff's concession that defendant, as the moving party, met his initial burden of demonstrating that

plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *June v Gonet*, 298 AD2d 811 [2002]). Plaintiff contends instead, as limited by her brief, that Saunder's affirmation, submitted in opposition to the motion, raises a triable issue of fact as to whether she sustained a serious injury under the "permanent consequential limitation of use of a body organ or member" category of Insurance Law § 5102 (d). With respect to that claim, "plaintiff was required to demonstrate more than 'a mild, minor or slight limitation of use' " (*Temple v Doherty*, 301 AD2d 979, 981 [2003], quoting *King v Johnston*, 211 AD2d 907, 907 [1995]; *see Murphy v Arrington*, 295 AD2d 865, 866-867 [2002]). Furthermore, she was required to present "competent medical evidence based upon objective medical findings and tests to support [the] claim of serious injury and to connect the condition to the accident" (*Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]; *see June v Gonet, supra* at 812).

Saunders diagnosed plaintiff as suffering from impingement syndrome of the right shoulder, together with fibromyalgia, resulting in a permanent partial disability of moderate degree and opined that the conditions were causally related to the motor vehicle accident. Saunders further stated that he confirmed his diagnosis through objective tests and "crepitus" or a clicking sound in plaintiff's right shoulder.* Notably, he did not "identify any of the orthopedic tests performed and their results" (*Barbarulo v Allery*, 271 AD2d 897, 899 [2000]). Furthermore, no proof was submitted detailing the extent or degree of the limitations in use of plaintiff's right shoulder by designating a numeric percentage of plaintiff's loss of range of motion, or by providing a qualitative description of its limitations based upon its normal function, purpose and use (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]).

Moreover, neither the submission of a workers' compensation decision awarding plaintiff a 20% scheduled loss of use of her right arm (*see Murphy v Arrington, supra* at 866-867) nor the use of the word "permanent" in describing her condition (*see Trotter v Hart*, 285 AD2d 772, 773 [2001]) are sufficient, in the absence of other competent medical evidence, to raise a question of fact as to whether she sustained a "permanent

---

* We note that in his report of plaintiff's examination, Shea detected the crepitus, but not during his rotation movements of her shoulders. Instead, he heard it only when plaintiff precipitated it by engaging in "odd repetitive maneuvering," consisting of "abduction, flexion/extension and circumduction movements," which he did not feel were "indicative of a relevant clinical finding," since she executed the range of motion without complaining of impingement symptoms.

consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]). Accordingly, we find that Supreme Court correctly dismissed the complaint in that plaintiff failed to satisfy her burden of coming forward with sufficient proof of serious injury under the no-fault law (*see Gaddy v Eyler*, 79 NY2d 955, 957 [1992], *supra*).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order affirmed, with costs.