■ Salvatore Tornatore et al., Respondents, v Martin F. Haggerty et al., Defendants, and Edith E. Jensen, Appellant. [763 NYS2d 344] —Kane, J. Appeal from an order of the Supreme Court (Spargo, J.), entered February 10, 2003 in Ulster County, which denied defendant Edith E. Jensen's motion for summary judgment dismissing the complaint against her.

While plaintiff Salvatore Tornatore (hereinafter plaintiff) was stopped at a red light, his van was rear-ended by a car driven by defendant Martin F. Haggerty, which in turn had been rear-ended by a car driven by defendant Edith E. Jensen (hereinafter defendant). Plaintiff and his wife, derivatively, commenced this action to recover for injuries he sustained as a result of this accident.* Defendant moved for summary judgment dismissing the complaint against her, alleging that plaintiff had not sustained a serious injury under Insurance Law § 5102 (d). Defendant appeals from Supreme Court's denial of that motion.

Plaintiffs alleged serious injury under the statutory categories of permanent consequential limitation of use of a body organ or member, significant limitation of use of a body function or system and a medically determined nonpermanent injury which prevented plaintiff from performing substantially all of his customary daily activities for 90 of the first 180 days following the accident (see Insurance Law § 5102 [d]). Defendant's expert, who conducted an independent medical examination of plaintiff and reviewed his medical records, concluded that while plaintiff sustained a whiplash injury at the time of the accident and still experienced some residual effects, this was mild. Plaintiffs' response to the motion consisted of plaintiff's own affidavit, two pages of essentially illegible records from his treating family physician, physical therapy records, an MRI report and an affidavit and records from a neurosurgeon who treated plaintiff. As physical therapists cannot

---

* In an unrelated order, Supreme Court granted summary judgment dismissing the complaint against Haggerty and the owner of the vehicle that he was driving.

render a diagnosis, form a prognosis, or determine permanency or duration of physical limitations, plaintiff's physical therapy records are incompetent as evidence for this motion (see Evans v Beebe, 267 AD2d 828, 829 [1999], lv denied 94 NY2d 762 [2000]; Delaney v Lewis, 256 AD2d 895, 897 [1998]).

Defendant's expert diagnosed plaintiff with a whiplash injury which aggravated plaintiff's preexisting degenerative arthritis and cervical spinal stenosis. That doctor also took plaintiff's medical history, which revealed neck pain as well as numbness and tingling in his right index finger and thumb. Plaintiff's orthopedist opined that plaintiff's difficulty with his arm and hand were consistent with the impingement shown on plaintiff's MRI. Plaintiff testified at his deposition that he was a cabinet maker and that, because of his neck, arm and hand pain, he could not engage in his business or substantially all of his other activities during the four months following his accident. Defendant's expert never expressed an opinion concerning the disabling effect of plaintiff's injuries during that four-month period. Under these circumstances, defendant failed to sustain her burden on the 90/180 day category of serious injury (compare Temple v Doherty, 301 AD2d 979 [2003]).

Proof under the significant limitation of use category "requires a comparative determination of the degree or qualitative nature of the injury based on the normal function, purpose and use of the body part and must be supported by objective medical evidence" (Best v Bleau, 300 AD2d 858, 860 [2002], citing Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]), usually through diagnostic test results. The MRI of plaintiff's cervical spine showed degenerative disc disease, osteoarthritis and a bulging disc. A bulging disc by itself does not constitute serious injury (see Toure v Avis Rent A Car Sys., supra at 353 n 4). Submission of the report of defendant's expert established a prima facie case that plaintiff's injuries were not serious under the permanent consequential limitation and significant limitation of use categories, thus shifting the burden to plaintiffs to demonstrate the contrary with proof in evidentiary form (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Davis v Evan, 304 AD2d 1023, 1025 [2003]; June v Gonet, 298 AD2d 811, 811 [2002]). The records of plaintiff's neurosurgeon indicate that on his last visit, plaintiff's "range of motion is full with mild discomfort" and the MRI "was not particularly impressive." The neurosurgeon's affidavit, signed eight months later, summarily states that the injury and consequential limitations are significant and permanent, without any real basis or explanation for this contradictory

opinion (*compare Jockimo v Abess*, 304 AD2d 999, 1000-1001 [2003] [use of word "permanent" in describing condition insufficient without correlation to medical proof]). We find that plaintiffs failed to rebut defendant's prima facie case on the permanent consequential limitation and significant limitation of use categories, thus, defendant was entitled to summary judgment on those claims.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Edith E. Jensen's motion for summary judgment dismissing that part of the complaint alleging that plaintiff Salvatore Tornatore suffered a serious injury in the categories of permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system; motion granted to that extent, partial summary judgment awarded to said defendant and said claims dismissed; and, as so modified, affirmed.

