Peters, J.
Appeal from an order of the Supreme Court (Caruso, J.), entered August 20, 2002 in Schenectady County, which granted defendants’ motion for summary judgment dismissing the complaint.
Plaintiff was involved in an automobile accident in August 2000, and was taken to the hospital. After X rays failed to reveal any signs of fracture, she was diagnosed with contusions and abrasions, given pain medication and discharged. In August 2001, she commenced this action against the owner and operator of the vehicle that struck her, alleging a serious injury within the meaning of Insurance Law § 5102 (d). Despite her history of lower back pain with radiating pain down her right leg due to a prior injury, plaintiff alleged that, as a result of this accident, she suffers from lower back pain radiating down both legs, as well as pain in her right arm and hand, numbness in her left leg and foot, neck pain, headaches and a loss of balance. Following joinder of issue and discovery, defendants successfully moved for summary judgment. This appeal followed.
Defendants’ proffer consisted of plaintiffs hospital records, her treatment records with Claude Guerra, a chiropractor, MRI results, discovery responses and reports of three independent medical examinations. One independent medical examination conducted in November 2000 by Michael Dudick, a chiropractor, *660 concluded that although plaintiffs cervical spine was normal, there were mild to moderate abnormalities in the thoracolumbar spine. However, no objective evidence could confirm that plaintiff became disabled as a result of this accident and Dudick found no reason for plaintiff not to return to work on a full-time basis. Thereafter, Michael Bernhardt, a chiropractor, examined plaintiff. He noted an exacerbation of lumbar strain associated with the accident, but could not discern its extent since he was unfamiliar with her past history. As far as the cervical spine, Bernhardt opined that although plaintiff reported cervical strain, the electro-diagnostic studies he performed were negative, and there were no objective findings of nerve involvement. Bernhardt also opined that depending upon the type of work, plaintiff could return to full-time employment. Finally, an MRI of plaintiffs cervical spine and lumbosacral spine led Richard Holub, a neurologist, to conclude that plaintiff has a “mild partial disability with subjective complaints of long duration and minimal physical findings, chronic involuntary muscle spasms without significant neurological deficit”; MRIs taken of plaintiffs cervical and lumbar spine in September 2000 showed minor abnormalities and, when the MRI of the lumbar spine was compared to a 1997 MRI of the same area, there was “no significant interval change.” With defendants having satisfied their prima facie burden of establishing that plaintiff did not sustain a permanent consequential injury or a significant limitation of use of the cervical and lumbar spine within the meaning of the statute (see Temple v Doherty, 301 AD2d 979, 980-981 [2003]; Trotter v Hart, 285 AD2d 772, 773 [2001]; Rose v Furgerson, 281 AD2d 857, 858 [2001], lv denied 97 NY2d 602 [2001]), we turn to plaintiffs proffer.
The burden was upon plaintiff to raise a triable issue of fact through the use of competent, objective medical evidence and diagnostic tests (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]; Drexler v Melanson, 301 AD2d 916, 917-918 [2003]; Rose v Furgerson, supra at 859). She proffered both her affidavit and Guerra’s affidavit, her medical records, and her deposition transcript. Guerra’s affidavit detailed her treatment history, concluding with a diagnosis of “Cervical IVD Syndrome with Myelopathy; Cervical Strain/Sprain (whiplash injury); Sciatica Neuralgia; and Lumbar Strain/Sprain.” Guerra concluded, based upon objective findings, radiographic studies, cervical and lumbar MRIs and nerve conduction tests, that plaintiff was permanently injured due to the August 2000 accident. However, his affidavit was based upon his examination of plaintiff 16 months earlier. Under these circumstances, Supreme Court properly found the affidavit to be deficient as a *661 matter of law (see Davis v Evan, 304 AD2d 1023, 1025 [2003]; Best v Bleau, 300 AD2d 858, 861 [2002]; Trotter v Hart, supra at 773). Were we to consider it, we would still conclude that the physical findings in both the X rays and MRIs do not support his diagnosis of permanent and significant injuries of both the cervical and lumbar spine (see Davis v Evan, supra at 1025). While Guerra lists the numerous tests he performed, he failed to identify the tests he used to formulate his ultimate opinion (see Temple v Doherty, supra at 981). Accordingly, plaintiff demonstrated nothing more than “ ‘a mild, minor or slight limitation of use’ ” (id. at 981, quoting King v Johnston, 211 AD2d 907, 907 [1995]) under both the permanent consequential and significant limitation of use categories.
With respect to her 90/180 serious injury claim (see Insurance Law § 5102 [d]), we agree that after defendants sustained their prima facie burden on this issue, plaintiff failed to raise a triable issue by either the proffer of her own affidavit describing her limitation in activity or by Guerra’s affidavit. He acknowledges plaintiffs limitation in her daily activities and opines that she will continue to be limited in the future, yet fails to specify the degree to which her activities will be limited or how any objective tests justify what appears to be a self-imposed restriction (see Davis v Evan, supra at 1025; Drexler v Melanson, supra at 919). As there was no demonstration that her usual activities were curtailed “to a great extent rather than some slight curtailment” (Licari v Elliott, 57 NY2d 230, 236 [1982]), we affirm the dismissal of this claim.
Mercure, J.E, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.