Carpinello, J.
Appeal from an order of the Supreme Court (Monserrate, J.), entered July 29, 2002, in Broome County, which granted defendant’s motion for summary judgment dismissing the complaint.
At issue on this appeal is the propriety of Supreme Court’s grant of summary judgment to defendant dismissing a complaint which alleged that plaintiff Jordan Adams (hereinafter plaintiff) suffered a serious injury (Insurance Law § 5102 [d]) in an August 15, 1998 auto accident. Finding no error in Supreme Court’s determination that plaintiff failed to establish such an injury as a matter of law, we affirm. The most serious of plaintiffs alleged injuries was continuing pain and stiffness in his left knee, and it is there that we concentrate our review.
In support of his motion for summary judgment, defendant proffered the affirmation of an orthopedic surgeon who examined plaintiff and reviewed his medical records. He noted that both a postaccident X ray and an MRI of plaintiffs knee were unremarkable and that an arthroscopy of the knee revealed “minor torn fibers” and degenerative changes inconsistent with the trauma of a motor vehicle accident. He concluded that plaintiff failed to sustain a serious injury under any of the statutory categories and, thus, the burden shifted to plaintiffs to come forward with competent medical evidence based on objective findings to establish such an injury (see Markel v Scavo, 292 AD2d 757, 758 [2002]; Tankersley v Szesnat, 235 AD2d 1010, 1011-1013 [1997]).
Significantly, the record contains a September 13, 1999 health questionnaire completed by plaintiff in connection with his application to become a police officer. There he indicates that he had no painful or stiff joints, no severe pains in the legs and no serious bodily disability. Also at that time, he passed a civil service physical exam to become a police officer and thereafter successfully completed six months of police academy, which included daily physical workouts.
In opposition to the motion, plaintiff’s treating physician opined that plaintiff suffered a permanent consequential limitation of use of his left knee that physically limited his daily activities as a police officer. Notably absent from his affirmation, however, is any explanation for his own postarthroscopy note that, as of December 2000, plaintiffs “symptoms ha[d] significantly decreased.” Plaintiff received no further treatment from this physician for almost 10 months until September 2001 when, after filing this action, he returned complaining of pain, stiffness and clicking. On that date, however, the physical exam *781 ination of plaintiffs knee was negative and plaintiff was able to fully extend and flex without pain, instability or tenderness. Plaintiffs physician does not discuss these findings, which are inconsistent with his ultimate conclusion.
Even if we were to credit plaintiffs subjective complaints of pain and stiffness, it is now well established that mild limitations of use fail to qualify under the statute (see Murphy v Arrington, 295 AD2d 865, 866-867 [2002] [and cases cited therein]). Moreover, the affirmation of plaintiffs physician fails to provide the requisite quantitative assessment of limitation of use or a qualitative comparison of the purported limitations to normal function (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). Under these circumstances, the order of Supreme Court dismissing the complaint was entirely appropriate. That portion of the appeal which addresses the denial of plaintiffs’ cross motion for summary judgment on liability is academic.
Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.