■ Max A. Palmer et al., Appellants, v Frank F. Moulton et al., Respondents. [792 NYS2d 653]—

Cardona, P.J. Appeal from an order of the Supreme Court (Mulvey, J.), entered April 7, 2004 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Max A. Palmer (hereinafter plaintiff) was injured when the vehicle in which he was riding as a rear-seat passenger collided with a vehicle owned and/or operated by defendants. Following the accident, plaintiff complained of soreness and was transported to the hospital where he was treated and released after being diagnosed with a thoracic and abdominal contusion caused by seat-belt restraint. Plaintiff had two subsequent unremarkable visits to his treating physician, Brian Cassetta. However, five weeks after the accident, he presented to Cassetta complaining of weight loss, shortness of breath, abdominal pain and diarrhea. Resulting tests revealed a pulmonary embolism for which plaintiff was admitted to the hospital, treated and released. A pelvic CT scan performed at that time suggested the existence of a bowel wall contusion and follow-up testing was recommended. Plaintiff apparently did not undergo the testing and, approximately one month later, he drove to Florida. Shortly thereafter, plaintiff resumed golfing. There is no indication that plaintiff pursued medical treatment while in Florida.

Upon his return to New York some five months after the accident, plaintiff underwent an independent medical examination after which his health was reported as normal. Nonetheless, plaintiff was seen by Cassetta twice over the next two months, again complaining of, among other things, fatigue, abdominal cramping and diarrhea. Thereafter, radiological examinations revealed, among other things, abnormalities in plaintiff's soft tissue in his bowel and plaintiff later underwent surgery which resulted in, among other things, the resection of a six-inch portion of his small intestine. The surgery apparently relieved plaintiff's abdominal pain and he has since resumed all of his normal activities, except he now relies on the use of a golf cart when playing 18 holes of golf.

In February 2002, plaintiff and his wife, derivatively, commenced this action against defendants alleging that plaintiff sustained a serious injury (*see* Insurance Law § 5102 [d]). Specifically, plaintiffs averred that, as a result of the accident, plaintiff suffered a serious injury under four categories of the no-fault law: (1) a permanent loss of use of a body organ, member, function or system, (2) a permanent consequential limitation of use of a body organ, (3) a significant limitation of use of a body function or system, and (4) a nonpermanent, medically-determined injury which prevented him from performing his daily activities for 90 of the first 180 days following the accident (*see* Insurance Law § 5102 [d]). After joinder of issue and discovery, defendants successfully moved for summary judgment dismissing the complaint and plaintiffs now appeal.

As an initial matter, we agree with Supreme Court that defendants satisfied their "initial burden to establish a prima facie case that plaintiff's alleged injuries did not meet the serious injury threshold under the [n]o-[f]ault [l]aw" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *see John v Engel*, 2 AD3d 1027, 1028 [2003]). In an affidavit in support of defendants' motion, a physician concluded that, based on review of plaintiff's medical records and a subsequent examination of plaintiff himself, plaintiff is now asymptomatic, displays no significant present limitations related to either the pulmonary embolism or his intestinal maladies and experienced no substantial restrictions on his normal activities throughout his course of treatment.* Defendants' burden thus being satisfied, we turn to an examination of whether plaintiffs successfully established "a triable issue of fact through competent medical evidence based

---

* Notably, defendants' expert averred that, based upon the overall length of the typical intestinal tract, the long-term impact of the six-inch excision at issue would be "negligible."

upon objective medical findings and diagnostic tests" sufficient to defeat the motion (*Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 769 [2001]; *see Nichols v Turner*, 6 AD3d 1009, 1011 [2004]; *Dabiere v Yager*, 297 AD2d 831 [2002], *lv denied* 99 NY2d 503 [2002]).

As to plaintiffs' claim under the permanent loss of use category of serious injury, it is now settled that any loss under this category must be "total" in order to satisfy the statutory criteria (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]; *Paradis v Burlarley*, 3 AD3d 718, 719-720 [2004]; *Mikl v Shufelt*, 285 AD2d 949, 950 [2001]). Similarly, as to plaintiffs' claims concerning the permanent consequential and significant limitation categories of Insurance Law § 5102 (d), it is beyond cavil that a "plaintiff [is] required to show more than 'a mild, minor or slight limitation of use' " (*Mikl v Shufelt, supra* at 950, quoting *King v Johnston*, 211 AD2d 907, 907 [1995]; *accord June v Gonet*, 298 AD2d 811, 811 [2002]). Inasmuch as plaintiffs have only adduced proof that plaintiff's bowel resection would result in little more than possible intermittent future discomfort and that plaintiff's now-resolved pulmonary embolism has only the "potential" for limiting plaintiff's future exercise tolerance, we conclude that Supreme Court appropriately dismissed these aspects of plaintiffs' claims.

Finally, as to plaintiffs' claims under the 90/180 category of serious injury, we find that their allegations, including plaintiff's claimed relegation to the use of a golf cart, are insufficient to meet plaintiffs' burden of producing evidence that his "usual activities were curtailed 'to a great extent rather than some slight curtailment' " (*Monk v Dupuis*, 287 AD2d 187, 191 [2001], quoting *Licari v Elliott*, 57 NY2d 230, 236 [1982]; *compare Badger v Schinnerer*, 301 AD2d 853, 854 [2003]; *Sellitto v Casey*, 268 AD2d 753, 755-756 [2000]). In any event, plaintiffs' medical submissions offer no definitive correlative opinion concerning whether plaintiff's alleged restrictions were " 'medically indicated and causally related to the injuries sustained in the accident' " (*Monk v Dupuis, supra* at 191, quoting *Blanchard v Wilcox*, 283 AD2d 821, 824 [2001]; *compare Nichols v Turner, supra* at 1011-1012 [2004]; *Van Norden-Lipe v Hamilton*, 294 AD2d 749, 749-750 [2002]). Accordingly, plaintiffs' 90/180 claim was also properly dismissed by Supreme Court.

Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.